Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC,<br><br>          *Plaintiff*,<br><br>v.<br><br>LIAM HEMSWORTH,<br><br>          *Defendant*. | Case No. 2:19-cv-10584<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Splash News and Picture Agency, LLC, for its Complaint against defendant Liam Hemsworth, alleges as follows:

1.  This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photograph described below, against defendant for uses of plaintiff's photograph without authorization or permission.

**JURISDICTION AND VENUE**

2.  This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

3.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright), and 17 U.S.C. § 1203 (alteration or removal of copyright management information).

4. This Court has personal jurisdiction over defendant Liam Hemsworth because, on information and belief, he is a resident of the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

6. Plaintiff Splash News and Picture Agency, LLC is an entity organized and existing under the laws of the nation of the State of Nevada with its principal place of business in Los Angeles, in this judicial district.

7. Plaintiff is the world's leading celebrity and breaking news agency, licensing images, video, and stories to top publishers around the world, including in the United States and in California.

8. Defendant Liam Hemsworth is an Australian actor. On information and belief, Hemsworth is a resident of Los Angeles, a city in Los Angeles County in this judicial district.

## BACKGROUND FACTS

**A.   The Infringed Image**

9. Plaintiff is the owner and copyright holder of a photographic image (the "Photograph") that is part of a series of photos depicting defendant Hemsworth performing an outdoor scene on location for production of the film Isn't It Romantic.

10. The Photograph was registered with the United States Copyright Office as Registration No. VA 2-154-431 (eff. June 3, 2019) in compliance with the Copyright Act, 17 U.S.C. §§ 101 et seq.

11. The Photograph was created by author Janet Mayer and licensed for limited use to *The Daily Mail*, which published it on its website on July 15, 2018. The image published by *The Daily Mail* contained copyright management

information ("CMI") on the Photograph, in the form of a notice stating "© Janet Mayer / Splash News.com," giving notice of plaintiff's ownership of the Photograph.

**B.   Defendants' Unauthorized Uses**

12.   Plaintiff never licensed the Photograph to defendants. Nevertheless, defendants have used, and continue to use, the Photograph without authorization or permission from plaintiff to do so.

13.   Specifically, Hemsworth or someone acting on his behalf copied the Photograph and distributed on Instagram, via the @liamhemsworth account, on or about July 15, 2018.

14.   On information and belief, Hemsworth or someone acting on his behalf copied the Photograph from the authorized image that had been published on *The Daily Mail*'s website.

15.   Hemsworth has a large number of Instagram followers—over 13.5 million—and his Instagram feed is open and viewable by the public.

16.   When posting a copy of the Photograph on Instagram on July 15, 2018, Hemsworth or someone acting on his behalf "tagged" the Instagram account of the film Isn't It Romantic, @isntitromanticmovie.

17.   On information and belief, Hemsworth's July 15, 2018, Instagram post was for the purpose of promoting the film Isn't It Romantic. Warner Bros. released the film Isn't It Romantic on February 13, 2019.

18.   Hemsworth or someone acting on his behalf again posted the Photograph to Hemsworth's Instagram Story twice on June 20, 2019. That same day, there was a swipe-up feature on his Instagram story to encourage people to vote for the movie Isn't It Romantic for the Teen Choice Movie Awards.

19.   The copies of the Photograph that Hemsworth distributed on Instagram in 2018 and in 2019 had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the image.

**C.    Systemic Piracy Destroys the Value of the Creators' Work**

20.    Splash conducts business as a syndicator of photos. The syndication business model is predicated on licensing the use of work in multiple outlets, each of which pays a fee to publish. No single fee can compensate for the work. The business plan of syndicators depends on multiple immediate or near-immediate sales, which occasional licensing thereafter.

21.    Individuals and entities in the media industries know that repeated, often instantaneous acts of content piracy destroy the syndication value of the work of content creators and copyright owners.

22.    Defendant's theft of plaintiff's work illustrates the process whereby commercial piracy of content not only deprives the owner of license fees but also destroys the syndication value of the work. Legitimate publications to which Splash looks to pay syndication fees are unwilling to pay for work that is already widely disseminated on the internet for free by pirate sites and well-known celebrities.

23.    The Photograph is highly creative, distinctive, and valuable. Because of Hemsworth's celebrity status, the anticipated nature and 2019 release of the film project, and the Photograph's "behind-the-scenes" quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photograph.

24.    But defendant's unauthorized uses harm the existing and future market for the original Photograph. Hemsworth's Instagram post and Instagram stories made the Photograph immediately available to his over 13 million followers and others, consumers of entertainment news—and especially news and images of Hemsworth himself, as evidenced by their status as followers of him—who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

25.    In addition, defendant's unauthorized use is commercial in nature. Hemsworth uses his Instagram feed for the purposes of promotion—specifically, to

promote his own business interests, projects, films, and ventures; to maintain and increase his visibility and desirability as an actor and celebrity; and to promote his persona itself, since Hemsworth's celebrity status and popularity is central to his ability to star in feature films. In short, every one of Hemsworth's Instagram posts is fundamentally promoting something to his 13.6 million followers.

26. Moreover, Hemsworth's unauthorized use of the Photograph was expressly intended to, and did in fact, promote an upcoming feature film of Warner Bros.

27. On information and belief, at the time that defendant copied and distributed the Photograph, he knew or should have known that they did not have authorization or permission to do so.

28. Defendants did not disclose their unauthorized uses of the Photograph to plaintiff or seek permission to use the Photograph. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE
### (For Copyright Infringement)

29. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30. Plaintiff is the copyright owner of the protected Photograph named above in this Complaint.

31. Defendant Hemsworth has reproduced, displayed, distributed, or otherwise copied the Photograph without plaintiff's license, authorization, or permission.

32. The foregoing acts of defendant Hemsworth infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

33. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced work in accordance with 17 U.S.C. § 408.

34. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photograph.

35. Having registered the copyright in the Photograph before a separate act of infringement, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

36. Plaintiff is informed and believes and on that basis alleges that defendant's acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

37. In the alternative, plaintiff is entitled to recover its actual damages and defendant's profits attributable to the infringement of the Photograph, under 17 U.S.C. § 504(b).

38. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

39. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

40. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

41. If defendant Hemsworth is not liable as a direct infringer of the Photograph, he is secondarily liable for the infringements directly committed by

individual agents, contractor, or other infringers presently unknown (the "Direct Infringers").

42. Hemsworth contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant Hemsworth's direction and control and/or using technology, facilities, and support services provided by him.

43. Hemsworth had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photograph was published on defendant Hemsworth's Instagram account and Hemsworth was, or should have been, aware of that fact.

44. Hemsworth had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on his Instagram account.

45. Hemsworth obtained some financial benefit from the infringement of plaintiff's rights in the Photograph because it was a draw for viewers of his accounts regardless of the revenue received and because the infringement of the Photograph promoted a feature film in which he appeared in the lead role. Accordingly, Hemsworth had an incentive to permit infringement by the Direct Infringers.

46. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

47. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

48. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

49. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

50.     Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM THREE

### (For Alternation of Copyright Management Information in Violation of 17 U.S.C. 1202)

51.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

52.     On information and belief, Hemsworth, or someone working on his behalf, removed CMI from the Photograph without authorization of plaintiff or the law and then distributed the Photograph, with the CMI removed, without the authorization of plaintiff or the law.

53.     The actions alleged above constitute a violation of 17 U.S.C. § 1202.

54.     Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

55.     On information and belief, defendants' removal of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed without authorization, which further subjects defendants to liability for statutory damages under 17 U.S.C. § 1203 in the amount of up to $25,000.

56.     Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with him from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photograph described in the Complaint;

B. For an order requiring defendant to account to plaintiff for his profits and any damages sustained by plaintiff arising from the acts of infringement;

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages;

E. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000 per each Photograph.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees and all other costs authorized under law;

H. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  December 15, 2019    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
      Peter E. Perkowski

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC